JOURNAL ENTRY and OPINION
Henry Norton appeals from a judgment of the common pleas court imposing a maximum ten-year prison term for rape. On appeal, he argues the court failed to give reasons for its finding that he posed the greatest likelihood of committing future crimes, and he further argues the record does not support the court's finding that he committed the worst form of the offense. After a careful review of the record, we have concluded that the trial court properly exercised its discretion in imposing a maximum sentence in this case and complied with the sentencing guidelines in R.C. 2929.11 et seq.; accordingly, we affirm the judgment of the trial court.
The record reveals that, on November 5, 2000, Norton raped M.J., the seventy-year-old mother of one of his friends. On January 16, 2001, the grand jury indicted him on two counts of rape and one count each of kidnapping and aggravated robbery. Pursuant to an agreement with the state, he pled guilty to one count of rape and the state nolled the remaining charges. The court then sentenced him to a maximum ten-year sentence.
Norton now appeals from this sentence, raising one assignment of error for our review. It states:
 THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO THE MAXIMUM TERM FOR THE RAPE CHARGE WHEN THE FACTS DID NOT SUPPORT THE FINDING THAT THE DEFENDANT COMMITTED THE WORST FORM OF THE OFFENSE, AND NO REASONS WERE GIVEN TO SUPPORT THE FINDING THAT HE HAD A GREAT LIKELIHOOD OF RECIDIVISM.
Norton argues both that the court failed to give its reasons for finding he posed the greatest likelihood of committing future crimes and that its finding he committed the worst form of the offense is not supported by the record. The state counters that the court made the requisite statutory findings, gave its reasons, and properly imposed a maximum sentence.
Therefore, the issues on this appeal involve the construction of R.C.2929.14(C) and R.C. 2929.19(B)(2)(d) and the imposition of maximum sentence. R.C. 2929.14(C) provides:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
Pursuant to this statute, a court may impose a maximum sentence on an offender who falls within one of the four delineated categories. SeeState v. Edmonson (1999), 86 Ohio St.3d 324, 329, 715 N.E.2d 131. Norton concedes in his brief filed in our court that the trial court made two of the requisite findings in accordance with R.C. 2929.14(C). Accordingly, we find that the court complied with these requirements.
However, he urges that, pursuant to R.C. 2929.29(B)(2)(d), the court is also required to give reasons to support its findings. R.C.2929.19(B)(2)(d) provides:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term; * * *
R.C. 2929.19(B)(2)(d) requires a court to give its reasons when it imposes a maximum sentence. The court satisfied the requirements of both statutes with the following colloquy during sentencing:
 Because the rape was committed on an individual who was in her 70s, and basically unable to protect herself from this individual, and I believe this is tantamount to one of the worst forms of the offense of rape, and I believe that this defendant does pose a great likelihood of committing future crimes in this manner, I believe that the maximum sentence for this rape is appropriate. Not only did he try to rape her, but it occurred over a long period of time. He took her, tried to rob her by taking money out of her money card account, but she was crafty enough not to give the appropriate code. He then took her back to the apartment and, again, engaged in a series of activities tantamount to rape. So I believe the maximum sentence is warranted in these circumstances, * * * (Tr. 30-31.)
Norton also urges the record does not support the court's finding that he committed the worst form of the offense. Forty-year-old Norton also maintains that he and his seventy-year-old victim were dating and that she consented; he further argues that he did not hit her, injure her, tie her up or torture her, and engaged in only vaginal sex. Therefore, he urges that he did not commit the worst form of rape. We reject his attempts to minimize the import of this crime, and we agree with the trial court's determination that circumstances of this rape, including the victim's age, her inability to protect herself, and his repeated attempts, make it one of the worst forms of the offense.
Based on the foregoing, we conclude that the trial court properly exercised its discretion in imposing a maximum ten-year sentence in this case. Accordingly, we overrule this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. and DIANE KARPINSKI, J. CONCUR